### JOEL BLANKENSHIP, ETC., *v.* WM. BARTLESTON & CO.

**Liens—Purchaser at Sheriff's Sale.**

    A purchaser of land at sheriff's sale with notice of a prior unrecorded mortgage carries only an equity in the land subject to the prior equity of the mortgage.

**Courts—Stare Decisis.**

    Questions of law, although decided on doubtful practice, should ordinarily remain the law rather than be subject to constant fluctuations according to the value of the court as differently constituted.

APPEAL FROM RUSSELL CIRCUIT COURT.

December 25, 1872.

OPINION BY JUDGE PETERS:

The question presented by this appeal is whether the claim of the purchasers of a tract of land at a sheriff's sale under an execution shall prevail over that of mortgagees of an unrecorded mortgage of prior date, and of which the purchasers had notice.

The registration act of 1785 does not differ materially from the provisions of Chapter 24, Revised Statutes, in respect to the validity of unrecorded deeds and mortgages touching the rights of creditors and purchasers without notice.

Prior to the adoption of the revised statutes the question as to the superior equity between the holder of a prior unrecorded mortgage and a purchase under an execution sale with notice of the mortgage was the subject of repeated adjudications in this court, and in which there is considerable vacillation. But in the late case of *Righter, etc., v. Forrester, etc.*, 1 Bush 278, involving the question presented in this case for adjudication, a majority of this court, after a review of the reported cases, adhered to the conclusion of the court in *Campbell v. Mosby*, Litt. Select Cases 358, and adjudged that the purchaser at a sheriff's sale with notice of a prior unrecorded mortgage acquired but an equity subject to the prior equity of the mortgage and must be postponed.

This decision has been adhered to in subsequent cases, and the principle thus adjudicated has become a rule of property by which the rights of parties have been regulated, and we perceive no sufficient reason for a departure therefrom.

As was said by an able judge of this court years ago, "It is better that the law should remain permanent so far as judicial action is concerned, although settled originally upon doubtful principles, than that it should be subject to constant fluctuations according to the views and opinions which might be entertained by the court as constituted, at the time the same question might at some subsequent time arise."

Regarding this question as virtually settled by previous opinions of this court, and the judgment of the court below conforming to them, the same must be *affirmed*.

*Joe E. Hays, for appellants.*

*Van Winkle, for appellees.*